**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable A. Bruce Campbell**

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| ANN MARIE MILLER, ) | Case No. 11-26914 ABC | |
| ) | Chapter 13 | |
| Debtor. ) | | |
| ─────────────────────────── ) | | |
| ) | | |
| ANN MARIE MILLER, ) | | |
| ) | | |
| Plaintiff, ) | Adversary No. 11-1517 ABC | |
| v. ) | | |
| ) | | |
| MONTGOMERY KOLODNY AMATUZIO ) | | |
| DUSBABEK, NICOLE SCHRAM, JEFFREY ) | | |
| KESSLER and JENNIFER KELLEY, ) | | |
| ) | | |
| Defendants. ) | | |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

This matter is before the Court on Motions to Dismiss filed by Defendants Montgomery Kolodny Amatuzio Dusbabek, LLP ("MKAD")[Docket #9], Jeffrey Kessler ("Mr. Kessler")[Docket # 5] and Jennifer Kessler f/k/a Jennifer Kelley ("Mrs. Kessler")[Docket # 7], and Plaintiff's Responses thereto [Docket #s 10 and 17]. Having considered the foregoing and the file in this matter, the Court finds and concludes as follows.

**Background**

**A.  Plaintiff's Chapter 13 Case**

Plaintiff's Chapter 13 bankruptcy case, Case No. 11-26914 ABC, was filed on July 18, 2011, and dismissed on September 30, 2011. Plaintiff has filed a motion to reconsider the dismissal of Case No. 11-26914 ABC, which is pending and is set for an evidentiary hearing on January 12, 2012.[1] The order dismissing Case. No. 11-26914 ABC has not been stayed.

This adversary proceeding was commenced during the pendency of Case No. 11-26914 ABC. It seeks an order directing MKAD to turnover to Plaintiff funds MKAD holds in connection with a garnishment proceeding. The Complaint also seeks damages, pursuant to 11

───────────────

[1] Plaintiff filed a new Chapter 13 case, Case No. 11-35182 ABC, on October 26, 2011.

U.S.C. § 362(k), for alleged willful violations of the automatic stay that was in effect during the pendency of Case No. 11-26914 ABC. The effect of the dismissal of Plaintiff's bankruptcy case on these claims is discussed below.

### B. The Complaint

Plaintiff's complaint is sparse. It alleges only that MKAD is holding "garnished funds," in violation of § 362(a)(3), on behalf of Defendant Nicole Schram, "as the collection agent for Jeffrey Kessler and Jennifer Kelley." Plaintiff requests punitive damages against all Defendants for "deliberate and egregious" violation of the automatic stay, and an order directing MKAD to release "my funds, in the amount of $1,279.60 held for Jeffrey Kessler, and $1,472.17 held for Jennifer Kelley." Plaintiff has attached exhibits to her Complaint for the purpose, in her words, "to prove the funds were garnished and are held by [MKAD]." The exhibits attached to the Complaint show that writs of garnishment were caused to be issued by Defendant Schram's law firm to collect judgments in favor of Mr and Mrs. Kessler against Plaintiff. The judgment amounts are shown on the writs of garnishment as $1,375.82 for Mr. Kessler and $1,575.88 for Mrs. Kessler. The Exhibits further show that the writs of garnishment were served on Mary Truong ("Ms. Truong") and that Ms. Truong, through MKAD, answered the writs of garnishments on June 24, 2011, stating that Ms. Truong owed a debt to Plaintiff as a result of an agreement between Ms. Truong and Plaintiff "to settle [certain] personal injury and property loss claims" asserted by Plaintiff against Ms. Truong. Complaint, Exhibit 4.

## Discussion

### A. Standards for Determining a Motion to Dismiss

In ruling on a Rule 12(b)(6) motion, the Court must presume that all well-pleaded allegations of the complaint are true, and construe them in the light most favorable to Plaintiff. *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 556 (10th Cir. 1999). In order to survive dismissal under Fed. R. Civ. P. 12(b)(6), a plaintiff must include in the complaint "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim is "plausible" under this standard if the plaintiff pleads sufficient factual content to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider "not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference." *Smith v. U.S.* 561 F.3d 1090, 1098 (10th Cir. 2009)(internal quotations and citations omitted).

**B. Effect of Dismissal of the Underlying Bankruptcy Case**

The general rule is that "dismissal of a bankruptcy case normally results in the dismissal of related proceedings." *Fidelity & Deposit Co. Of Maryland v. Morris (In re Morris),* 950 F.2d 1531, 1535 (11th Cir. 1992). The law does not allow a bankruptcy court to exercise discretion to retain an adversary proceeding after dismissal of the underlying case where the "adversary proceeding depends upon the bankruptcy case for its existence." *Pauley v. Bank One Colorado Corp.*, 205 B.R. 272, 275 (D .Colo. 1997). Thus, where a plaintiff seeks to exercise a power only granted to a bankruptcy fiduciary, such as to avoid a preference under 11 U.S.C. § 547, the plaintiff's cause of action "disappears" with the dismissal of the underlying bankruptcy case. *Id.* The plaintiff is no longer a "debtor" or "trustee" with standing to bring such a claim.

Plaintiff's claim for an order directing MKAD to "release" the garnished funds to her is a claim for turnover of estate property under 11 U.S.C. § 542. Section 542 directs any party in possession of estate property to deliver such property "to the trustee."[2] As a result of the dismissal of Case No. 11-26914 ABC, there is no longer any "estate property" in this case, nor a debtor or trustee to whom the Court can order the funds turned over. Accordingly, this Court was divested of jurisdiction of Plaintiff's claim for turnover when the underlying case, from which the claim arose, was dismissed. This claim will be dismissed.

Plaintiff's claim for damages for violation of the automatic stay is a different matter. The dismissal of the underlying case does not divest this Court of jurisdiction over Plaintiff's request for relief under § 362(k). *Johnson v. Smith (In re Johnson)*, 575 F.3d 1079, 1083 (10th Cir. 2009). Such claims "[remain] viable after termination of the underlying bankruptcy case." *Id.* at 1084. This is so because their purpose "is not negated by dismissal of the underlying bankruptcy case." *Id.* Additionally, standing to bring such a claim is granted, by the statute, to "an individual injured by any willful violation of the stay." Thus, standing does not depend on the continued existence of a debtor or bankruptcy fiduciary. Accordingly, the Court will address whether Plaintiff's complaint states a valid cause of action under §362(k).

**C. Violation of the Automatic Stay**

Pursuant to 11 U.S.C. § 362(a) the filing of a bankruptcy petition operates as a stay of certain collection activities. The automatic stay "is the central provision of the Bankruptcy Code. . . . [It] protects debtors from harassment and also ensures that the debtor's assets can be distributed in an orderly fashion, thus preserving the interests of the creditors as a group." *Johnson*, 575 F.3d at 1083 (quoting *Price v. Rochford*, 947 F.2d 829, 831 (7th Cir. 1991)). Section 362(k) protects against violations of the stay by providing that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages . . . and, in

---

[2]Because the Court no longer has jurisdiction over the § 542 claim, it need not address whether a Chapter 13 debtor may exercise this power, or whether is may only be exercised by the Chapter 13 trustee.

appropriate circumstances, may recover punitive damages."

The only alleged violation of the stay in the Complaint is MKAD's failure to release to Plaintiff the funds subject to the Kessler's writs of garnishment. Plaintiff claims that MKAD's failure to turn the garnished funds over to her after her bankruptcy was filed, and after MKAD became aware of the bankruptcy, is an "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," which is prohibited by 11 U.S.C. § 362(a)(3). It is not alleged that MKAD has done anything with the funds other than to continue to hold them. Accordingly, for the Complaint to state a claim, the Court must find that merely holding the funds was a violation of the stay, or, in other words, that the automatic stay imposes an affirmative duty upon a creditor (or its agent) holding funds subject to a garnishment to return the funds to the debtor.

According to Colorado law, the service of the writs of garnishment on Ms. Truong created a lien on the funds in favor of the Kesslers. *In re Gindi*, 642 F.3d 865, 875 (10th Cir. 2011)(citing *Moreland v. Alpert*, 124 P.3d 896, 902 (Colo. App. 2005) and *Ryan v. Duffield*, 899 P.2d 378, 380 (Colo. App. 1995)), *overruled on other grounds by TW Telecom Holdings, Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011). Until the competing interests of the Kesslers and Plaintiff (who apparently claimed the funds were exempt) are resolved in a judicial proceeding, Plaintiff retains an interest in the funds. *In re Seay*, 97 B.R. 41 (Bankr. D. Colo. 1989).

Recognizing that courts are split on the question of whether the automatic stay requires a secured creditor holding property of a debtor, which is validly seized pre-petition, to affirmatively act to turn the property over to the debtor, or to immediately seek relief from the stay or move for adequate protection, this Court believes that the better view is that a creditor's refusal to release garnished funds, to the potential detriment of its lien rights in those funds, does not violate the automatic stay. *See In re Giles*, 271 B.R. 903 (Bankr. M.D. Fla. 2002); *contra Roche v. Pep Boys, Inc. (In re Roche),* 361 B.R. 615, 621-22 (Bankr. N.D. Ga. 2005). As the court stated in *Giles*, the Bankruptcy Code requires that a creditor be provided adequate protection prior to releasing collateral it holds to the debtor where the creditor's lien might be destroyed if its collateral were released. "The right of adequate protection cannot be rendered meaningless by an interpretation of § 362(a)(3) . . . that would compel turnover even before an opportunity for the court's granting adequate protection." *Giles*, 271 B.R. at 906-07 (citing *In re Bernstein*, 252 B.R. 846, 850 (Bankr. D.D.C. 2000)(internal quotation omitted)). Where, as here, the creditor's lien rights *vis a vis* the debtor's claim of exemption are subject to a dispute which is the subject of pending litigation at the time the bankruptcy case is filed, the failure of the garnishor to affirmatively act to release the garnished funds to the debtor does not subject it to actual and/or punitive damages as a "willful violation" of the automatic stay under 11 U.S.C. § 362(k). Since this is the only conduct by Defendants which is alleged to have violated the stay, Plaintiff's complaint does not state a claim upon which relief may be granted.

It is, accordingly,

ORDERED that Defendant's Motions to Dismiss are GRANTED, and this adversary proceeding is dismissed.

DATED: December 14, 2011　　　　　　BY THE COURT:

_____
A. Bruce Campbell,
United States Bankruptcy Judge